# SHAPIRO HABER & URMY LLP

Attorneys at Law

Thomas G. Shapiro
Edward F. Haber
Thomas V. Urmy, Jr.
Michelle H. Blauner
Todd S. Heyman
Charles E. Tompkins
Ian J. McLoughlin
Adam M. Stewart
Robert E. Ditzion
Rachel M. Brown

*Counsel*
Thomas G. Hoffman

E-mail:
turmy@shulaw.com

November 3, 2011

**VIA ELECTRONIC FILING**

The Honorable George B. Daniels
The Honorable Naomi Reice Buchwald
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Van De Velde v. Bank of America Corp., et al.*, 11 Civ. 6120;
      *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11 MD 2262

Dear Judges Daniels and Buchwald:

We represent Maxwell Van De Velde in the action *Van De Velde v. Bank of America Corp.*, *et al.* ("the *Van De Velde* action"). We respectfully submit this letter in response to Defendants' letter of October 28, 2011, which seeks reconsideration of Judge Buchwald's decision not to permit transfer to that Court of the *Van De Velde* action.[1]

As Defendants accurately state, Plaintiff Van De Velde is prepared to proceed in whatever forum the Court in its discretion deems appropriate, and thus does not oppose the relief Defendants seek. However, while Defendants are of course correct that Van De Velde's claim arises from the same well-publicized misconduct as the other actions consolidated in *In re LIBOR-Based Financial Instrument Antitrust Litigation*, Defendants' suggestion that the *Van De Velde* action is a mere carbon

---

[1] As we informed liaison counsel for Defendants during the meet and confer process prior to the submission of Defendants' letter, we do not agree with Defendants' characterization of Judge Buchwald's decision regarding transfer as a decision to decline transfer "as a tag-along action," that left open the "separate issue" of "whether the case should be before Judge Buchwald because it is a related case to the LIBOR Antitrust Litigations." *See* Defendants' Letter, at 1. Judge Buchwald's decision plainly addressed Plaintiff Van De Velde's request that the *Van De Velde* action be transferred from Judge Daniels to Judge Buchwald as a related action. *See* Memorandum & Order, 11 MD 2262, *In re: LIBOR-Based Financial Instruments Antitrust Litigation*, Dkt. 32, at 4-5, and authority cited therein. While Plaintiff Van De Velde does not object to the relief Defendants seek, Plaintiff sees no reason not to call the request what it is – a motion for reconsideration.

SHAPIRO HABER & URMY LLP

The Honorable George B. Daniels
The Honorable Naomi Reice Buchwald
<November 3, 2011>
Page 2

copy of other class actions filed before Judge Buchwald is inaccurate.  *See* Defendants' October 28, 2011 Letter to Judges Buchwald and Daniels ("Defendants' Letter"), at 3.

As Judge Buchwald already has recognized, the *Van De Velde* action, unlike the other class actions pending before that Court, does not assert claims under the Sherman Act or the Commodities Exchange Act ("CEA"), but rather under state law and the Racketeer Influenced and Corrupt Organizations Act ("RICO").  *See* Memorandum & Order, 11 MD 2262, *In re LIBOR-Based Financial Instruments Antitrust Litigation*, Dkt. 32 ("Order") at 4-5.  The action thus presents "distinct legal issues" on behalf of a class of purchasers that is, by definition, distinct from the putative classes in the other class action complaints now before that Court.  *Id.*  As a result, the class members in the *Van De Velde* action, like the putative Sherman Act and CEA classes, will be "differently positioned at various stages of the litigation, creating a potential conflict in their joint representation."  *Id.* at 5. [2]  While Plaintiff Van De Velde does not oppose reconsideration of Judge Buchwald's decision regarding transfer, the Court should make that determination with an accurate view of the ways in which the *Van De Velde* action is – and is not – similar to other actions currently before Judge Buchwald.

Very Truly Yours,

/s/Thomas V. Urmy, Jr.

Thomas V. Urmy, Jr.

cc (via ECF):  All counsel in *Van De Velde v. Bank of America Corp., et al.*, 11 Civ. 6120;
               All counsel in *In re LIBOR-Based Financial Instruments Antitrust Litigation*, 11 MD 2262

---

[2] To note just one example, discovery regarding the RICO claim, which of course the CEA class and Sherman Act classes have no incentive to pursue, is likely to be significantly different than discovery for the CEA and Sherman Act claims.